**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WHITE STALLION ENERGY, LLC, *et al.*,[1] | ) | Case No. 20-13037 (LSS) |
| | ) | |
|   Debtors. | ) | (Jointly Administered) |
| | ) | |
| WHITE STALLION ENERGY, LLC, | ) | |
| | ) | |
|   Plaintiff, | ) | Adv. Pro. No. _____ |
| | ) | |
| vs. | ) | |
| | ) | |
| MACKENZIE PRICE, | ) | |
| | ) | |
|   Defendant. | ) | |

**COMPLAINT TO AVOID AND RECOVER**
**TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 547, 548,**
**AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

White Stallion Energy, LLC (the "Plaintiff" and, together with the above-captioned debtors and debtors in possession, collectively, the "Debtors") files this complaint (this "Complaint") against Mackenzie Price (the "Defendant") to avoid and recover transfers and to disallow any

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: White Stallion Energy, LLC (2360); Alchemy Fuels, LLC (N/A); Carbo*Prill, LLC (8385); Chili Pepper Mines, LLC (2247); Eagle River Coal, LLC (6614); Friendsville Mine LLC (8489); Liberty Mine, LLC (3730); Red Brush West, LLC (3940); Solar Sources Mining, LLC (3628); Trust Resources, LLC (1983); Vigo Coal Land, LLC (9585); Vigo Coal Operating Co., LLC (7462); Vigo Coal Sales, LLC (1325); Vigo Cypress Mine LLC (9409); Vigo Equipment, LLC (5629); Vigo Sunna, LLC (7468); White Stallion – Eagle River, LLC (6743); White Stallion – Solar, LLC (9457); White Stallion Acquisition, LLC (2298); and White Stallion Holdings, LLC (3645). The location of the Debtors' headquarters is: 250 N. Cross Pointe Blvd., Evansville, Indiana 47715.

29930563.1

claims held by Defendant against the Debtors. In support of this Complaint, the Plaintiff respectfully states as follows:

### Nature of the Case

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property by the Debtors that occurred during the 90-day or one-year period, as applicable, prior to the commencement of the bankruptcy proceedings of the Debtors pursuant to sections 547 and 550 of chapter 5 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to proof, Plaintiff also seeks to avoid and recover from Defendant or any other person or entity for whose benefit transfers were made pursuant to sections 544(b), 548(a)(1)(B), and 550 of the Bankruptcy Code, and sections 1304(a) and 1307 of title 6 of the Delaware Code, any transfers by the Debtors that may have been constructively fraudulent conveyances.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the Court, captioned *In re: White Stallion Energy, LLC, et al.* Case No. 20-13037 (LSS), pursuant to 28 U.S.C. §§ 157 and 1334(b). This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b), the Court may enter final orders for matters contained herein.

3. Venue is proper under 28 U.S.C. § 1409.

4. The statutory and legal predicates for the relief sought herein are sections 502, 544, 547, 548, and 550 of the Bankruptcy Code, sections 1304(a) and 1307 of title 6 of the Delaware Code, and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

29930563.1

5.      Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Plaintiff consents to the entry of a final order by the Court in connection with this Complaint to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**Background**

6.      On December 2, 2020 (the "Petition Date"), each of the Debtors, except for Eagle River Coal, LLC ("Eagle River"), filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On January 26, 2021, Eagle River also filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of David J. Beckman, Chief Operating Officer of White Stallion Energy, LLC, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 9] (the "First Day Declaration").[2]

7.      The Debtors' chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 [Docket Nos. 57, 292].  The Debtors continue to manage their assets as debtors in possession pursuant to section 1107(a) of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.  On December 11, 2020, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [Docket No. 85].

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the First Day Declaration.

29930563.1

**The Parties**

8. As set forth in greater detail in the First Day Declaration, prior to the Petition Date and at all times relevant to this Complaint, Plaintiff operated coal mining facilities located in Indiana and Illinois.

9. Defendant is a natural person residing at 8886 S. CR 350E, Stendal, Indiana 47585.

10. Further, upon information and belief, Defendant is the nephew of Steven E. Chancellor, who was, at all relevant times, an officer, director, or person in control of the Debtors. Therefore, the Defendant is an insider of the Debtors pursuant to section 101(31)(B)(vi) of the Bankruptcy Code.

**Factual Background**

11. As more fully discussed in the First Day Declaration, the Debtors entered chapter 11 facing a severe, unexpected cash shortage brought on by, among other things, a steep decline in the broader coal market, which was exacerbated by the outbreak of the novel coronavirus pandemic, and outsized debt obligations that hindered the Debtors' ability to perform in an industry that typically requires substantial capital expenditures to maintain equipment and operations. First Day Decl., ¶ 7.

12. As of the Petition Date, and as described in greater detail in the Debtors' "first day" cash management motion [Docket No. 8], in the ordinary course of business, the Debtors operated a cash management system (the "Cash Management System") consisting of 10 bank accounts (collectively, the "Bank Accounts").

13. The Debtors, including the Plaintiff, drew upon the Bank Accounts to pay for their operational costs, including payments to vendors, suppliers, distributors, and other creditors, including Defendant.

29930563.1

4

14. During the one-year period prior to the Petition Date (the "Insider Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits, credit card payment, or otherwise to various entities.

15. Upon information and belief, during the course of their relationship, Defendant and one or more of the Debtors entered into agreements, which are evidenced by invoices, communications, and other documents (collectively, the "Agreements"). The Agreements concerned and related to the goods and/or services provided by Defendant to one or more of the Debtors. Defendant conducted business with one or more of the Debtors through and including the Petition Date pursuant to the Agreements.

16. The Plaintiff made transfers of an interest of the Plaintiff's property to or for the benefit of Defendant during the Insider Preference Period through payments aggregating to an amount not less than $83,170 (the "Transfer" or "Transfers"). The details of each Transfer are set forth on **Exhibit A** attached hereto and incorporated by reference.

17. The Plaintiff has completed an analysis of all readily available information related to the Transfers and is seeking to avoid all of the transfers of an interest of Debtors' property made by the applicable Debtor(s) to Defendant within the Insider Preference Period.

18. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Insider Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest in its property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its rights to amend this original Complaint to include, among other things: (a) further information regarding the Transfer(s), (b) additional transfers, (c) additional transferor Debtors, (d) modifications of

and/or revision to Defendant's name, (e) additional defendants, and/or (f) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

19. Plaintiff acknowledges that (a) it is possible some Transfers might be subject in whole or in part to defenses under Section 547(c) of the Bankruptcy Code, and (b) Defendant bears the burden of proof pursuant to section 547(g) of the Bankruptcy Code to establish any defense(s). Plaintiff has analyzed and considered all readily available information, including any affirmative defenses that the Defendant may assert under section 547(c) of the Bankruptcy Code, and hereby seeks to avoid and recover all of the Transfers.

## Claims for Relief

### COUNT I
**(Avoidance of Insider Preference Period Transfers – 11 U.S.C. § 547)**

20. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

21. During the Insider Preference Period, the Plaintiff made Transfers to or for the benefit of Defendant in an aggregate amount not less than $83,170. *See* **Exhibit A**.

22. Each Transfer was made from the Plaintiff and constitutes a transfer of an interest in property of the Plaintiff as identified on **Exhibit A**.

23. Defendant was a creditor at the time of each Transfer by virtue of supplying the Plaintiff goods and/or services identified in this Complaint and in the Agreements, as more fully set forth on **Exhibit A** hereto, for which the Plaintiff was obligated to pay following receipt or delivery in accordance with the Agreements. *See* **Exhibit A**.

24. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by Plaintiff to Defendant. *See* **Exhibit A**.

25. Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Plaintiff to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the Plaintiff. *See* **Exhibit A**.

26. At the time of each Transfer, Defendant was an insider of the Debtors, including the Plaintiff, pursuant to section 101(31)(B)(vi) of the Bankruptcy Code by virtue of the Defendant's status as a relative of a director, officer, or person in control of the Debtors.

27. Each Transfer was made while the Debtors, including the Plaintiff, were insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the 90-day period prior to the Petition Date pursuant to 11 U.S.C. § 547(f).

28. Each Transfer was made during the Insider Preference Period, as set forth on **Exhibit A**.

29. As a result of each Transfer, Defendant received more than Defendant would have received if: (a) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtors' schedules filed in the underlying bankruptcy cases as well as the proofs of claim that have been received to date, the Debtors' liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from

the Debtors' bankruptcy estates. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

30. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

31. To the extent one or more of the Transfers identified on **Exhibit A** was not made on account of an antecedent debt, was a prepayment for goods and/or services subsequently received, or was incurred by one Debtor without a corresponding intercompany receivable recorded by the Debtor incurring the debt, Plaintiff pleads in the alternative that the Debtor transferor did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

   a. The Debtors were insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

   b. The Debtors were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors or for whose benefit the Transfer(s) was made was an unreasonably small capital; or

   c. The Debtors intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity; or

   d. The Debtors made the Transfers to or for the benefit of the Defendant as an insider under the Agreements and not in the ordinary course of business.

32. Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III
**(Avoidance of Fraudulent Conveyances under State Law – 11 U.S.C. § 544(b); 6 Delaware Code §§ 1304(a), 1307)**

33. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

34. Pursuant to section 544(b) of the Bankruptcy Code, a trustee or debtor-in-possession may avoid, among other things, any transfer of an interest of the debtor in property that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of the Bankruptcy Code.

35. The Potentially Fraudulent Transfers constitute transfers of the Plaintiff's property interests.

36. Plaintiff received no consideration or less than reasonably equivalent value on account of the Potentially Fraudulent Transfers.

37. At the time of the Potentially Fraudulent Transfers, Plaintiff (a) was engaged, or about to engage, in a business or a transaction for which the remaining assets of Debtor were unreasonably small in relation to the business or transaction, and/or (b) intended to incur, or believed or reasonably should have believed it would incur, debts beyond its ability to pay as such debts matured.

38. At all relevant times, Plaintiff had actual creditors holding unsecured claims allowable within the meaning of sections 502 and 544(b) of the Bankruptcy Code, and section 1301 of title 6 of the Delaware Code.

39. Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 544(b) and 6 Delaware Code § 1304(a).

## COUNT IV
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

40. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

29930563.1

41. Plaintiff is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b) and any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548 (collectively, the "Avoidable Transfers").

42. Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

43. Pursuant to 11 U.S.C.§ 550(a), Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

### COUNT V
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

44. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

45. Defendant is a transferee of transfers avoidable under sections 544, 547, and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

46. Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

47. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' estates must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

48. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' estates previously allowed by the Debtors, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s).

29930563.1

**<u>Prayer for Relief</u>**

WHEREFORE, Plaintiff requests that this Court grant the following relief against Defendant:

a) On Plaintiff's First, Second, Third, and Fourth Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 544, 547(b), 548, and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

b) On Plaintiff's Fifth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Debtors until Defendant returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

c) Granting Plaintiff such other and further relief as this Court may deem just and proper.

[*Remainder of Page Intentionally Left Blank*]

29930563.1

Wilmington, Delaware
Dated: December 2, 2022

*/s/ S. Alexander Faris*

M. Blake Cleary (No. 3614) (mbcleary@ycst.com)
Jaime Luton Chapman (No. 4936) (jchapman@ycst.com)
S. Alexander Faris (No. 6278) (afaris@ycst.com)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253

- and -

Chris L. Dickerson (admitted *pro hac vice*)
Mike Jones (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
71 South Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100

Todd M. Schwartz (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
1117 South California Avenue
Palo Alto, California 94304
Telephone:  (650) 320-1800
Facsimile:  (650) 320-1900

*Co-Counsel to the Debtors and Debtors in Possession*

29930563.1

# EXHIBIT A

**Transfers**

White Stallion Energy, LLC, *et al*.
Petition Date: December 2, 2020
Summary of Transfers during Insider Preference Period (December 2, 2019 – December 2, 2020)

| Debtor Transferor | Transferee | Date of Transfer | Amount |
|---|---|---|---|
| White Stallion Energy, LLC | Mackenzie Price | 12/06/19 | 1,116 |
| White Stallion Energy, LLC | Mackenzie Price | 12/13/19 | 1,352 |
| White Stallion Energy, LLC | Mackenzie Price | 12/20/19 | 1,716 |
| White Stallion Energy, LLC | Mackenzie Price | 12/27/19 | 1,352 |
| White Stallion Energy, LLC | Mackenzie Price | 01/03/20 | 1,358 |
| White Stallion Energy, LLC | Mackenzie Price | 01/10/20 | 960 |
| White Stallion Energy, LLC | Mackenzie Price | 01/17/20 | 1,048 |
| White Stallion Energy, LLC | Mackenzie Price | 01/24/20 | 1,389 |
| White Stallion Energy, LLC | Mackenzie Price | 01/31/20 | 909 |
| White Stallion Energy, LLC | Mackenzie Price | 02/07/20 | 1,029 |
| White Stallion Energy, LLC | Mackenzie Price | 02/14/20 | 1,010 |
| White Stallion Energy, LLC | Mackenzie Price | 02/21/20 | 1,124 |
| White Stallion Energy, LLC | Mackenzie Price | 02/28/20 | 1,010 |
| White Stallion Energy, LLC | Mackenzie Price | 03/06/20 | 998 |
| White Stallion Energy, LLC | Mackenzie Price | 03/13/20 | 1,050 |
| White Stallion Energy, LLC | Mackenzie Price | 03/20/20 | 1,050 |
| White Stallion Energy, LLC | Mackenzie Price | 03/27/20 | 1,050 |
| White Stallion Energy, LLC | Mackenzie Price | 04/03/20 | 1,050 |
| White Stallion Energy, LLC | Mackenzie Price | 04/10/20 | 1,444 |
| White Stallion Energy, LLC | Mackenzie Price | 04/17/20 | 1,444 |
| White Stallion Energy, LLC | Mackenzie Price | 04/24/20 | 1,429 |
| White Stallion Energy, LLC | Mackenzie Price | 05/01/20 | 2,411 |
| White Stallion Energy, LLC | Mackenzie Price | 05/08/20 | 1,838 |
| White Stallion Energy, LLC | Mackenzie Price | 05/15/20 | 1,759 |
| White Stallion Energy, LLC | Mackenzie Price | 05/18/20 | 500 |
| White Stallion Energy, LLC | Mackenzie Price | 05/22/20 | 1,838 |
| White Stallion Energy, LLC | Mackenzie Price | 05/29/20 | 2,310 |
| White Stallion Energy, LLC | Mackenzie Price | 06/05/20 | 1,365 |
| White Stallion Energy, LLC | Mackenzie Price | 06/12/20 | 1,496 |
| White Stallion Energy, LLC | Mackenzie Price | 06/19/20 | 2,231 |
| White Stallion Energy, LLC | Mackenzie Price | 06/26/20 | 2,290 |
| White Stallion Energy, LLC | Mackenzie Price | 07/03/20 | 1,838 |
| White Stallion Energy, LLC | Mackenzie Price | 07/10/20 | 1,155 |
| White Stallion Energy, LLC | Mackenzie Price | 07/17/20 | 1,089 |
| White Stallion Energy, LLC | Mackenzie Price | 07/24/20 | 945 |
| White Stallion Energy, LLC | Mackenzie Price | 07/31/20 | 1,838 |
| White Stallion Energy, LLC | Mackenzie Price | 08/07/20 | 2,310 |
| White Stallion Energy, LLC | Mackenzie Price | 08/14/20 | 1,838 |
| White Stallion Energy, LLC | Mackenzie Price | 08/21/20 | 1,549 |

| | | | |
|---|---|---|---:|
| White Stallion Energy, LLC | Mackenzie Price | 08/28/20 | 1,155 |
| White Stallion Energy, LLC | Mackenzie Price | 09/04/20 | 1,778 |
| White Stallion Energy, LLC | Mackenzie Price | 09/11/20 | 1,365 |
| White Stallion Energy, LLC | Mackenzie Price | 09/18/20 | 1,496 |
| White Stallion Energy, LLC | Mackenzie Price | 09/25/20 | 2,310 |
| White Stallion Energy, LLC | Mackenzie Price | 10/02/20 | 2,310 |
| White Stallion Energy, LLC | Mackenzie Price | 10/09/20 | 1,838 |
| White Stallion Energy, LLC | Mackenzie Price | 10/16/20 | 1,759 |
| White Stallion Energy, LLC | Mackenzie Price | 10/23/20 | 1,798 |
| White Stallion Energy, LLC | Mackenzie Price | 10/30/20 | 2,310 |
| White Stallion Energy, LLC | Mackenzie Price | 11/06/20 | 2,015 |
| White Stallion Energy, LLC | Mackenzie Price | 11/13/20 | 2,251 |
| White Stallion Energy, LLC | Mackenzie Price | 11/20/20 | 2,153 |
| White Stallion Energy, LLC | Mackenzie Price | 11/27/20 | 1,628 |
| White Stallion Energy, LLC | Mackenzie Price | 12/04/20 | 420 |
| White Stallion Energy, LLC | Mackenzie Price | 12/10/20 | 1,103 |
| | **Mackenzie Price Total** | | **83,170** |